**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| THAY SMITH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-25-675 |
| ABSOLUTE RESOLUTION INVESTMENTS, LLC, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**REPORT AND RECOMMENDATION**

Plaintiff Thay Smith, who is self-represented, filed the above-captioned matter in the Circuit Court for Prince George's County, Maryland, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*., and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*.  ECF No. 4.  Defendant Absolute Resolution Investments, LLC (ARI) removed the case to this Court on the basis of federal-question jurisdiction.  ECF No. 1 ¶ 3.  Pending before the Court are the parties' cross-motions for summary judgment and Mr. Smith's motion for leave to file a status report, all of which are fully briefed.[1]  ECF Nos. 80, 84, 86, 89, 94.[2]  On July 29, 2026, the Honorable Paula Xinis referred these motions to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 (D. Md. Dec. 1, 2025).  ECF No. 95.  No hearing is necessary.  Local Rule 105.6.  For the reasons set forth below, the undersigned respectfully recommends that the Court grant ARI's motion, deny Mr. Smith's motions, and enter judgment in favor of ARI and against Mr. Smith.

---

[1]  Plaintiff Thay Smith's summary judgment motion identifies as Defendants Absolute Resolution Investments, LLC (ARI) and WebBank, N.A.  ECF No. 80.  The Court previously denied Mr. Smith's motions to amend the Complaint to, among other things, add WebBank, N.A. as a defendant.  ECF Nos. 50, 93.  ARI is therefore the sole defendant in this action.  ECF No. 4.

[2]  ARI elected not to respond to Mr. Smith's motion for leave to file a status update and the time for doing so has expired.  Local Rule 105.2(a) (D. Md. Dec. 1, 2025).

I.    BACKGROUND

On July 14, 2024, Mr. Smith filed a Complaint in which he alleged that ARI violated the FDCPA and FCRA when it "continued in [its] collection efforts even after the expiration of the statute of limitations," "reported inaccurate and derogatory information about the debt in [his] credit report," and "failed to provide a debt validation letter."  ECF No. 4 ¶¶ 1–2, 8.  Mr. Smith further alleged that ARI improperly served him legal documents, falsified documentation, failed to obtain a judgment against Mr. Smith, and placed derogatory information on his credit report without sufficient documentation.  *Id.* at ¶¶ 5–7, 9.  Mr. Smith contends that through the "improper pursuit of collection and derogatory credit reporting," ARI caused him to suffer "significant emotional distress and anxiety" and "hindered [his] ability to secure financing for a home purchase."  *Id.* at ¶¶ 3–4.  In his Complaint, Mr. Smith sought recovery of "$3,660,418.39 to cover the financial, emotional, and reputational damage suffered."  *Id.* at 3.[3]

Throughout this action, Mr. Smith has filed more than two dozen motions, which the Court has characterized as "improper and frivolous."  ECF No. 93 (denying 12 motions as factually and legally deficient); *see also* ECF No. 22 (striking two motions); 50 (denying 12 motions as procedurally and/or substantively deficient).  As a consequence, the Court ordered that before Mr. Smith "files any motion or correspondence with the Court, he must first seek leave of Court by separate motion in which he must attach the proposed filing for court review."  ECF No. 93 at 2.  On September 23, 2025, Mr. Smith moved for summary judgment.  ECF No. 80.  On October 6, 2025, ARI filed a combined opposition and cross-motion for summary judgment, which Mr. Smith opposed.  ECF Nos. 84, 86.  Mr. Smith filed a series of notices, which constitute an unauthorized surreply (ECF No. 90; Local Rule 105.2(a) ("Unless otherwise

---

[3]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document.

ordered by the Court, surreply memoranda are not permitted to be filed.") or relate to collateral matters concerning a non-party (WebBank, N.A.) (ECF Nos. 91–92).  Additionally, Mr. Smith moved for leave to file a status report regarding a garnishment proceeding in a Maryland court.  ECF No. 94.  Because the proposed status update does not bear on the claims asserted in the instant action, the undersigned respectfully recommends that the Court deny this motion.

## II.      DISCUSSION

Mr. Smith and ARI have each moved for summary judgment.  Following an overview of the applicable standard of review, their respective arguments are addressed in turn below.

### A.      Standard of Review

Summary judgment motion practice "is properly regarded . . . as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).  Federal Rule of Civil Procedure 56 provides that the district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original).  A material fact is one that "might affect the outcome of the suit under the governing law."  *Id.* at 248.  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  Thus, to defeat summary judgment, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *First Nat. Bank of Ariz.* v. *Cities Serv. Co.*, 391 U.S. 253,

288-289 (1968).  On the other hand, summary judgment "is justified if, from the totality of the evidence presented, including pleadings, depositions, answers to interrogatories, and affidavits, the court is satisfied that there is no genuine factual issue for trial and the moving party is entitled to judgment as a matter of law."  *Sylvia Dev. Corp.* v. *Calvert Cnty., Md.*, 48 F.3d 810, 817 (4th Cir. 1995).

The United States Court of Appeals for the Fourth Circuit has cautioned that summary judgment "cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits."  *Jacobs* v. *N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568-569 (4th Cir. 2015) (quoting 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER ET AL., FEDERAL PRACTICE & PROCEDURE § 2728 (3d ed. 1998) (internal quotation marks omitted)).  At this stage, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.  In doing so, the district court "must view the evidence in the light most favorable to . . . the nonmovant and draw all reasonable inferences in [its] favor without weighing the evidence or assessing the witnesses' credibility."  *Baynard* v. *Malone*, 268 F.3d 228, 234-235 (4th Cir. 2001).  At the same time, "[i]t is the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat* v. *Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks and citation omitted); *see also Celotex Corp.*, 477 U.S. at 323-324 ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").  When cross-motions for summary judgment are before it, the Court will "examine[ ] each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure."  *Aleman* v. *City of Charlotte*, 80 F.4th 264, 283 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 1032 (2024) (quoting *Fusaro* v. *Howard*, 19 F.4th 357, 366 (4th Cir. 2021) (internal quotation marks omitted)).

4

**B.        Mr. Smith's Motion for Summary Judgment**

Mr. Smith alleges violations of the FDCPA and FCRA.  ECF No. 4 ¶¶ 1–2.  "The FDCPA seeks 'to eliminate abusive debt collection practices by debt collectors.'"  *Jennings* v. *Dynamic Recovery Sols. LLC*, 441 F. Supp. 3d 106, 110 (D. Md. 2020) (quoting 15 U.S.C. § 1692(e)).  "The statutory scheme also enumerates those acts which are expressly prohibited."  *Greer* v. *Trinity Fin. Servs., LLC*, 607 F. Supp. 3d 635, 639 (D. Md. 2022).  "To establish a claim under the FDCPA, 'a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'"  *Richards* v. *Servis One, Inc.*, Civil Action No. PX-20-3683, 2021 WL 3930130, at *6 (D. Md. Sept. 2, 2021) (quoting *Richards* v. *NewRez LLC*, Civil Action No. ELH-20-1282, 2021 WL 1060286, at *23 (D. Md. Mar. 18, 2021)).  Even if Mr. Smith's Complaint could be read to infer that each of the required elements are plausibly alleged, on summary judgment he does not offer evidence in support of any of the required elements of an FDCPA claim.  ECF Nos. 4, 80.  In his Complaint, Mr. Smith first alleges a violation of 15 U.S.C. § 1692f based on ARI's "collection efforts . . . after the expiration of the statute of limitations."  ECF No. 4 ¶ 1.  Section 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  This statute "provides a non-exhaustive list of prohibited conduct," none of which address collection efforts after the statute of limitations has expired.  *Alston* v. *United Collections Bureau, Inc.*, Civil Action No. DKC-13-0913, 2014 WL 859013, at *4 (D. Md. Mar. 4, 2014) (quoting *United States* v. *National Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir.1996)); *see also* 15 U.S.C. § 1692f(1)-(8).  Indeed, as this Court has observed previously, "[c]ollection of a time-barred debt is permissible."  *Alston*, 2014 WL 859013, at *6; *accord Wallace* v. *Capital One Bank*, 168 F. Supp. 2d 526, 528 (D. Md. 2001) ("[W]here (as in

5

Maryland) a limitations statute does not extinguish the debt but only provides a defense against its collection, a debt collector may seek voluntary payment of a time-barred debt.") (internal citation omitted). Mr. Smith therefore fails to state or prove his Section 1692f claim.

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am.* v. *Burr*, 551 U.S. 47, 52 (2007). Among other things, the FCRA outlines the permissible purposes, content, and disclosures of consumer reports and the procedure for challenging the accuracy of information in a consumer report. 15 U.S.C. §§ 1681b, 1681c, 1681f, 1681g, 1681i, 1681u, 1681v. Section 1681s-2(a) of the FCRA "prohibits any person from furnishing information to a [consumer reporting agency] that the person knows is inaccurate." *Saunders* v. *Branch Banking and Tr. Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008); *see also* 15 U.S.C. § 1681s-2(a). Mr. Smith contends that ARI violated the FCRA when it "reported inaccurate and derogatory information about the debt in [his] credit report." ECF No. 4 ¶ 2. Mr. Smith does not allege or offer evidence of what inaccurate or derogatory information was furnished to consumer reporting agencies. ECF Nos. 4, 80. What is more, the "FCRA explicitly bars private suits for violations of § 1681s-2(a)."[4] *Saunders*, 526 F.3d at 149 (citing 15 U.S.C. § 1681s-2(c)).

Mr. Smith's other arguments in support of summary judgment are similarly deficient. First, his contention that ARI's failure to timely respond to his requests for admission supplies the basis for affirmative relief is ill founded. ECF No. 80 at 1. This Court has already ruled that Mr. Smith's requests for admission were served after discovery had closed and thus were invalid. ECF No. 93 at 2; *see also* ECF Nos. 14; 80-4 at 2, 7. As the Court has found previously, Mr.

---

[4] There is a private right of action under 15 U.S.C. § 1681s-2(b), which outlines additional duties that are triggered upon notice of a dispute regarding the completeness or accuracy of information reported to consumer reporting agencies. *Saunders* v. *Branch Banking and Tr. Co. of Va.*, 526 F.3d 142, 149 (4th Cir. 2008). Mr. Smith has not alleged or proven any of the required elements of such a claim. ECF Nos. 4, 80.

6

Smith's claims of spoliation of evidence and ARI's purported reliance on fraudulent documents are conclusory and lack any factual or evidentiary foundation.  ECF Nos. 80 ¶¶ 11–12; 93 at 2. Finally, Mr. Smith's contention that ARI "cannot establish lawful assignment or ownership" from WebBank, N.A. is unsupported.  ECF No. 80 ¶¶ 5, 10.  In contrast, ARI's Operations Manager attested that "ARI is the current owner of Plaintiff's WebBank account with an account number ending in 0743."  ECF No. 84-2 at 3 ¶ 6; *see also id.* at 63 (chain of title document reflecting that ARI acquired the debt on February 17, 2022); *id.* at 64 (certificate of loan sale); *id.* at 65–69 (purchase and sale agreement); *id.* at 70 (bill of sale).  The undersigned respectfully recommends that Mr. Smith's motion for summary judgment be denied.

    **C.**    **ARI's Motion for Summary Judgment**

ARI first argues that the Court should dismiss Mr. Smith's claims as a sanction for his failure to appear at his properly noticed deposition.  ECF No. 84-1 ¶¶ 2, 13–16.  The undisputed material facts establish that counsel for ARI attempted to schedule a mutually convenient date for Mr. Smith's deposition without success.  ECF No. 84-3 at 16–20.  On July 28, 2025, ARI served Mr. Smith with notice that his deposition was set for August 27, 2025.  *Id.* at 13–15.  Mr. Smith did not appear at the designated date and time.  *Id.* at 6–8.  ARI did not move to compel Mr. Smith's appearance or seek sanctions contemporaneously with Mr. Smith's failure to appear. Instead, ARI advised the Court in a status report that it preferred to "address Plaintiff's failure to engage in the discovery process through dispositive motion."  ECF No. 75 at 1.

Federal Rule of Civil Procedure 37(d) provides that the Court may order sanctions if a party "fails, after being served with proper notice, to appear for that party's deposition."  Fed. R. Civ. P. 37(d)(1)(A)(i).  Available sanctions include "striking pleadings in whole or part."  Fed. R. Civ. P. 37(b)(2)(A)(iii), (d)(3).  When the Rule 37 sanction may deprive a party of its "rights to a trial by jury and a fair day in court," the Court applies a four-part test that evaluates:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mutual Fed. Sav. & Loan Ass'n* v. *Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

Mr. Smith's testimony at his deposition is no doubt material, but ARI's election to proceed with dispositive motion practice in lieu of seeking alternative relief hinders analysis of other factors. For example, it is unclear what amount of prejudice was caused, whether it was curable, and whether a less drastic sanction would be effective. Mr. Smith's failure to engage in discovery supports a finding of bad faith, yet contemporaneous emails suggest that he was concerned about being deposed without the benefit of fulsome discovery responses from ARI. ECF Nos. 75 at 1; 84-3 at 16, 18, 20. Further, there is no indication that Mr. Smith had notice that his failure to appear at his deposition could result in dismissal of his claims. As this Court has noted previously, "in cases dealing with the harsh sanctions of defaults and dismissals, the Fourth Circuit has emphasized the importance of warning a party prior to ordering such sanctions for discovery violations." *Ackerman* v. *Town of La Plata, Md.*, Civil Action No. DKC 2004-0113, 2005 WL 8174718, at *4 (D. Md. July 27, 2005) (collecting cases). To be sure, "a self-represented litigant is not excused from following the Federal Rules of Civil Procedure or the Local Rules." *Qiydaar* v. *People Encouraging People, Inc.*, Civil Action No. ELH-17-1622, 2020 WL 4286831, at *3 (D. Md. July 27, 2020). Nevertheless, Courts in this Circuit typically order dismissal as a sanction only upon a showing of repeated failures to attend a deposition. *E.g.*, *Jackson, as next friend of A.J.* v. *Washington Metro. Area Transit Auth.*, Civil Action No. AAQ-19-2555, 2022 WL 4316630, at *2-3 (D. Md. Sept. 16, 2022); *Hussell* v. *Boggs*, No. 2:19-CV-00101, 2021 WL 8082969, at *3 (S.D.W. Va. Dec. 1, 2021) (collecting cases), *report and recommendation adopted*, 2022 WL 1123801 (S.D.W. Va. Apr. 14, 2022). The undersigned

therefore respectfully recommends against entry of summary judgment based on Mr. Smith's failure to appear at his deposition.

ARI also contends that Mr. Smith failed to respond to any written discovery requests, including properly and timely served requests for admission, which defeats his claims. ECF No. 84-1 ¶¶ 2, 17–22. Federal Rule of Civil Procedure 36 provides that a "party may serve on any other party a written request to admit . . . the truth of any matters within the scope of" permissible discovery relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1) (citing Fed. R. Civ. P. 26(b)(2)). "A matter is deemed admitted if the responding party fails to timely provide a written answer or objection to the request for admission." *Lynn* v. *Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 363 (D. Md. 2012) (citing Fed. R. Civ. P. 36(a)(3)). Once admitted, a matter is "conclusively established" unless and until the Court permits the withdrawal or amendment of the admission. Fed. R. Civ. P. 36(b); *Vales* v. *Preciado*, 809 F. Supp. 2d 422, 426 (D. Md. 2011). Unanswered requests for admission may serve as the basis for summary judgment. *Vales*, 809 F. Supp. 2d at 426.

Throughout the history of this case, Mr. Smith has demonstrated disregard for the Federal Rules of Civil Procedure, this Court's Local Rules, and the Orders of this Court. *E.g.*, ECF Nos. 22, 50, 93. Indeed, Mr. Smith filed so many frivolous motions that the Court prohibited him from filing any further motions absent leave of Court. ECF No. 93 at 2. As noted, Mr. Smith did not appear for his deposition, and the undisputed facts reveal that he did not respond to *any* written discovery requests. ECF Nos. 75 at 1. The written discovery requests included requests for admission, which, in pertinent part, ask Mr. Smith to admit that ARI did not violate the FDCPA or FCRA. ECF No. 84-3 at 26–30. Counsel for ARI contacted Mr. Smith in an effort to ascertain when he would respond to written discovery. *Id.* at 46. There is no evidence of Mr. Smith's response, if any. Mr. Smith filed a response to ARI's post-discovery status report

9

in which he contested the assertion that he had failed to respond to ARI's discovery requests. ECF No. 76 at 1. In this response, Mr. Smith, points only to his then-pending motion to compel that sought "full and proper responses" to his discovery requests, which the Court denied as factually and legally deficient, unsupported, and frivolous. ECF Nos. 76 at 1; 93 at 1. Mr. Smith also contended that ARI's interrogatories were "irrelevant, invasive, and discriminatory." ECF No. 76 at 2. Thus, nowhere in the summary judgment record does it appear that Mr. Smith responded to ARI's discovery requests, including, as relevant here, its requests for admission.

Mr. Smith's wholesale failure to engage in discovery should not be countenanced. Nevertheless, this Court has been "reluctant to grant summary judgment against a pro se defendant based solely upon his failure to comply with the discovery requirements of the Federal Rules of Civil Procedure." *United States v. Turk*, 139 F.R.D. 615, 617 (D. Md. 1991), *aff'd* 391 F.3d 563 (4th Cir. 2004); *see also Union Pac. R. Co.* v. *Baltimore & Annapolis R. Co.*, Civil Action No. SKG-08-2685, 2009 WL 3633349, at *2 (D. Md. Oct. 27, 2009) ("While the Court has broad discretion concerning the withdrawal of admissions that have been made by operation of Rule 36, it hesitates to allow such default admissions to serve as the basis for summary judgment."). This Court has considered whether the admitted facts are central to the case and whether the self-represented party had notice of the consequences of failure to respond to a request for admission before relying on that failure to support summary judgment. *E.g.*, *Want* v. *Bulldog Fed. Credit Union*, Civil Action No. JMC-19-2827, 2021 WL 2589808, at *7 (D. Md. June 24, 2021); *McGowan* v. *Prince George's Cnty., Md.*, 401 F. Supp. 3d 564, 571 (D. Md. 2019). Here, the requests for admission directly bear on the viability of Mr. Smith's claims and there is no indication in the existing record that Mr. Smith had notice that his failure to respond could result in dismissal of his claims. The undersigned respectfully recommends that the Court decline to enter summary judgment in favor of ARI based on Mr. Smith's deemed admissions.

Finally, ARI submits that Mr. Smith's claims fail on the merits.  ECF No. 84-1 ¶¶ 2, 23–47.  The undersigned concurs.  As set forth previously, *see* II.B., *supra*, Mr. Smith has not plausibly alleged, and the undisputed material facts do not establish, the required elements of an FDCPA claim.  ECF Nos. 4 ¶ 1; 80 ¶ 4; *Richards*, 2021 WL 3930130, at *6.  Mr. Smith's contention that ARI's attempt to collect a time-barred debt violated the FDCPA is factually and legally unsupported.  ECF No. 80 ¶ 4; *Alston*, 2014 WL 859013, at *6; *Wallace*, 168 F. Supp. 2d at 528.  ARI correctly notes that Mr. Smith's FDCPA claim is also barred by the one-year statute of limitations.  ECF No. 84-1 ¶ 44; 15 U.S.C. § 1692k(d).  The undisputed material facts establish that ARI sent a debt-collection letter to Mr. Smith on April 11, 2022, yet Mr. Smith did not file suit until July 14, 2024.  ECF Nos. 4; 84-2 at 76.  Further, Mr. Smith's FDCA claim is not cognizable because even if it was timely and had evidentiary support, there is no private right of action to enforce a violation Section 1681s-2(a).  ECF No. 4 ¶ 2; *Saunders*, 526 F.3d at 149; *see also* II.B., *supra*.  Mr. Smith's other allegations relate to unsubstantiated requests for damages (ECF No. 4 ¶¶ 3–4) or are devoid of evidentiary support (ECF Nos. 4 ¶¶ 2, 5–9; 80 ¶ 1–7).  To survive summary judgment, the nonmoving party must provide evidence, "not unsupported conjecture." *Graves* v. *Lioi*, 930 F.3d 307, 324 (4th Cir. 2019).  "Hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment." *Alston* v. *Astrue*, Civil Action No. BEL-10-3446, 2012 WL 665982, at *4 (D. Md. Feb. 28, 2012), *aff'd*, 474 Fed. Appx. 390 (4th Cir. 2012).

## III.    CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Court grant ARI's motion for summary judgment (ECF No. 84), deny Mr. Smith's motions for summary judgment and for leave to file a status report (ECF Nos. 80, 94), and enter judgment in favor of ARI and against Mr. Smith.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to Mr. Smith at the physical and email addresses listed below.

Thay Smith
12602 Monarch Ct.
Upper Marlboro, MD, 20772
blackangeluts44@gmail.com

Date:  August 5, 2026

                                    /s/
                              Erin Aslan
                              United States Magistrate Judge